UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **ERIK ROWE, individually and on behalf of those similarly situated,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>) **CASE NO.:** 3:16-cv-275-DJH<br>**v.** )<br>)<br>**LASTIQUE INTERNATIONAL CORPORATION** )<br>)<br>)<br>**Defendant.** ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Erik Rowe ("Rowe"), individually and on behalf of those similarly situated, by counsel, brings this action against Defendant, Lastique International Corporation ("Defendant") alleging failure to pay overtime compensation in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq*. and Kentucky state law.

### II. PARTIES

2. Rowe is a resident of the Commonwealth of Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all relevant times.

3. Defendant maintains offices and conducts business within the geographic confines of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1367; and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6. Rowe was an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7. Defendant is subject to the FLSA because its employees engaged in commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8. This Court has supplemental jurisdiction over Rowe's Kentucky state law claims pursuant to 28 U.S.C. §1367.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Defendant is a supplier of prime, near-prime and recycled plastic resins.

11. Defendant hired Rowe on or about September 15, 2015 as a Warehouse Worker, and Rowe worked most recently as a Shift Leader until resigning his position in or about April 2016. Most recently, Rowe earned $12.25 per hour.

12. At all times relevant, Rowe was a non-exempt employee who was entitled to be paid time and a half for hours over forty worked in any workweek.

13. As a part of its company-wide policy, Defendant did not pay overtime pay to its employees until the employees worked 86.60 hours in the bi-weekly pay period.

14. Rowe is similarly situated to Defendant's other warehouse workers in that the common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their regular rate of pay affected all current and former warehouse workers who worked for Defendant ("Members of the Class").

15. Rowe is similarly situated to the Members of the Class because they all were all warehouse workers; they were all paid hourly rates of pay; and they were all subject to

Defendant's unlawful policy and practice of refusing to properly pay overtime wages for work performed in excess of forty hours.

16. Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Rowe and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Rowe or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Rowe applied to all Members of the Class. Accordingly, the class is properly defined as: *All current and former Warehouse Workers (or their functional equivalents) who have worked for Defendant.*

17. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay overtime compensation with respect to Rowe and the Members of the Class.

## V. CAUSES OF ACTION

### COUNT I: FLSA – FAILURE TO PAY OVERTIME

18. Rowe hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint as if the same were set forth at length herein.

19. Rowe and Members of the Class are non-exempt employees of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

20. Defendant intentionally and willfully failed to compensate Rowe and Members of the Class at least one and one-half times the minimum wage rate of pay for time they spent performing work-related duties in excess of a workweek of forty hours.

21. Rowe and Members of the Class are entitled to recover from Defendant all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

22. Defendant's actions in denying Rowe and Members of the Class their overtime compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

23. Rowe and Members of the Class have suffered damages as a result of the Defendant's failure to pay overtime compensation.

### COUNT II: KENTUCKY STATE LAW- FAILURE TO PAY OVERTIME

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Defendant intentionally and willfully failed to compensate Rowe and Members of the Class at least one and one-half times the minimum wage rate of pay for time they spent performing work-related duties in excess of a workweek of forty hours.

26. Rowe and Members of the Class are entitled to recover from Defendant all overtime compensation which they earned, as well as liquidated damages pursuant to Kentucky State Law, KRS 337.285.

27. Defendant's actions in denying Rowe and Members of the Class overtime compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

28. Rowe and Members of the Class have suffered damages as a result of the Defendant's failure to pay.

## COUNT III- UNJUST ENRICHMENT

29. Rowe hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Defendant has failed and/or refused to pay overtime compensation due to Rowe and Members of the Class for their labor and services rendered during their tenure as an employee of Defendant.

31. Defendant has been unjustly enriched by keeping funds which are the property of Rowe and Members of the Class.

## COUNT IV- CONVERSION

32. Rowe hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Defendant knowingly or intentionally exerted unauthorized control over Rowe and Members of the Class' wages when it unlawfully failed to pay overtime compensation due to Rowe and Members of the Class.

34. Rowe and Members of the Class have suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Erik Rowe, and all employees similarly situated who join this action, respectfully request that this Court enter judgment in their favor and award the following relief:

1. Payment to Plaintiff (and those who have joined the suit) of all unpaid overtime compensation;

2. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid overtime compensation;

3. Payment to Plaintiff (and those who have joined the suit) of punitive damages for Defendant's failures and/or malice and willful actions;

4. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

6. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiff (and those who join the suit);

7. Order Defendant to pay Plaintiff (and those who join the suit) costs and attorney fees; and

8. Order all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Erik Rowe, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

By: /s/ Krista A. Willike
Krista A. Willike, #32250-10
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (502) 561-3444
Email: ad@bdlegal.com
kwillike@bdlegal.com
*Counsel for Plaintiff*

Dated 5/12/16.